**In re Petition for DISCIPLINARY ACTION AGAINST Mary Irene JOHNSON, an Attorney at Law of the State of Minnesota.**

No. C9–99–91.

Supreme Court of Minnesota.

March 29, 1999.

ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Mary Irene Johnson has committed professional misconduct warranting public discipline, namely, having her client sign a blank piece of paper which respondent subsequently converted into an affidavit, falsely notarized and filed with the district court before her client had the opportunity to review and correct the affidavit in violation of Rules 8.4(c) and (d), Minnesota Rules of Professional Conduct, and

WHEREAS, respondent admits her conduct has violated the Rules of Professional Conduct, waives her rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a 30–day suspension and payment of $900 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility, and

WHEREAS, this court has independently reviewed the file and approves the jointly recommended disposition,

IT IS HEREBY ORDERED that respondent Mary Irene Johnson is suspended from the practice of law for 30 days, that she successfully complete the professional responsibility examination within one year of the date of this order, that she comply with Rule 26, Rules on Lawyers Professional Responsibility, that she pay $900 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility, and that she be reinstated upon the expiration of the 30–day period provided that at least 15 days prior to the expiration she files an affidavit with the Clerk of Appellate Courts and the Director establishing she is current with continuing legal education requirements and has fully complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility.

BY THE COURT:
Alan C. Page
Associate Justice